1  NICHOLAS M. WAJDA
   Nevada State Bar No: 11480
2  Law Offices of Nicholas M. Wajda, Esq.
   871 Coronado Center Drive, Ste. 200
3  Henderson, NV 89052
4  Telephone: (702) 900-6339
   Email Address: nick@wajdalawgroup.com
5  *Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DARLENE D. JACKSON,<br><br>     Plaintiff,<br><br>  v.<br><br>PLUSFOUR, INC.,<br><br>     Defendant. | Case No. 2:21-cv-01360<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>**JURY TRIAL DEMANDED** |

NOW comes DARLENE D. JACKSON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of PLUSFOUR, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant regularly conducts business in the District of Nevada and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Nevada.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age residing in Las Vegas, Nevada which lies within the District of Nevada.

5. Defendant is a third party debt collector that claims to "recover your debts in a professional and efficient manner" and to break the stigma associated with debt collectors by way of Defendant's own high standards.[1] Defendant is incorporated in the State of Nevada and is headquartered at 8985 S. Eastern Avenue, Suite 100, Las Vegas, Nevada 89123. Defendant regularly collects from consumers in the State of Nevada.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Approximately in 2016, Plaintiff co-signed a lease for her daughter LaToya Roberts ("LaToya") for a townhouse located in Las Vegas and managed by Hidden Canyon Village ("Hidden Canyon").

8. Sometime in 2018, LaToya signed a second lease with Hidden Canyon (the "2018 Lease").

9. Plaintiff did not co-sign the 2018 Lease and is not responsible for obligations incurred

---

[1] https://plusfourinc.com/about-credit-collections-services/

2

10. Yet, around May 2021, Plaintiff noticed that Defendant reported a $6,038.00 defaulted debt (the "subject debt") in collections on her credit reports for the 2018 Lease.

11. Upon seeing this trade-line, Plaintiff called Defendant to advise that she did not owe the subject debt and that Defendant should not be reporting it on her credit reports.

12. Shortly after the above conversation, Plaintiff called Defendant a second time to dispute the debt.

13. During this second conversation, Defendant made false statements about Plaintiff signing the 2018 Lease as well as that Defendant had proof of Plaintiff's signing.

14. Plaintiff again repeated to Defendant that she did not co-sign the 2018 Lease.

15. Despite Plaintiff's explicit disputes regarding the debt, Plaintiff has never received anything in writing from Defendant to validate the debt.

16. To rescue her credit ratings from Defendant's erroneous reporting, Plaintiff signed up for credit repair services, which has not produced desired results.

17. Frustrated and extremely concerned with Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights and remedies, resulting in expenses.

18. Plaintiff was unduly inconvenienced, harassed, deceived, and oppressed by Defendant's unlawful attempts to collect the subject debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

21. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

23. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

25. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

    a. **Violations of FDCPA § 1692d**

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated § 1692d when it refused to take notice of Plaintiff's dispute of the subject debt and to engage in an investigation.

28. Plaintiff explained that she did not co-sign the 2018 Lease and did not owe the subject debt.

29. It would have been straightforward for Defendant to verify Plaintiff's above explanations and accordingly to present results of the verification.

30. Instead, without referring to any, even minimal, investigation of the accuracy of the subject debt, Defendant simply stated to Plaintiff that Plaintiff co-signed the 2018 Lease and that it had proof of such signing.

31. Defendant never presented to Plaintiff what the proof of signing was.

4

32. A reasonable fact finder would infer that Defendant had no such proof and made false statements.

33. Defendant's indifference and even more egregiously, false accusations against Plaintiff, carries with it the natural consequence of harassing, deceiving, and oppressing Plaintiff with the objective that Plaintiff succumbs to payment of a debt she does not owe.

   b. **Violations of FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

36. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10) by falsely representing to Plaintiff that she co-signed the 2018 Lease in order to press her to acknowledge responsibility for and make payments on the subject debt.

37. Defendant further violated above subsections by representing to Plaintiff that Defendant had proof of Plaintiff's co-signing while failing to ever present Plaintiff with such proof. A reasonable inference is that Defendant had no such proof but was hoping to scaring Plaintiff into dropping her valid defenses and agreeing to payments.

   c. **Violations of FDCPA § 1692f**

38.     The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39.     Defendant violated § 1692f when it unconscionably represented to Plaintiff that she co-signed the 2018 Lease in order to deceive her into acknowledging the subject debt.

40.     Defendant violated § 1692f when it unfairly represented to Plaintiff that it had proof of Plaintiff's co-signing but never presented it to her and thus deprived her of vital information as to the validity of the subject debt.

        **d.  Violations of the FDCPA § 1692g**

41.     The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

42.     Defendant violated § 1692g(a) by failing to provide the written information required within five days after its initial communication with Plaintiff. Upon information and belief, such initial communication occurred in May 2021 yet no written information has been provided to Plaintiff by Defendant in connection with the subject debt up to filing of this Complaint.

43.     Defendant further violated § 1692g(b) when it communicated with Plaintiff in a manner that was inconsistent with Plaintiff's rights under § 1692g. By way of failing to provide validation,

Defendant deprived Plaintiff of crucial information as to the subject debt and as to how to best defend herself against such debt as she had reasons to assert that she does not owe the debt.

44. As pled in paragraphs 16 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff DARLENE D. JACKSON respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Date: July 20, 2021

Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda, State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com